IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03288-GPG

ANTHONY T. KINNEY,

      Applicant,

v.

SHERIFF D. DIGGINS, and
JOHN SUTHERS, The Attorney General of the State of Colorado,

      Respondents.

---

## ORDER OF DISMISSAL

---

      Applicant, Anthony T. Kinney, a prisoner currently detained at the Denver County Jail, initiated this action by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1).  He is challenging the validity of his conviction and sentence in Arapahoe County District Court case number 07CR1228.

      On December 4, 2014, Magistrate Judge Gordon P. Gallagher ordered Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies pursuant to 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses in this action.  On December 16, 2014, Respondent Attorney General of the State of Colorado, through his counsel, filed a Pre-Answer Response (ECF No. 9) arguing that the Application is untimely and that Mr. Kinney's claims are

unexhausted and procedurally barred.[1]  Mr. Kinney did not file a reply to the Pre-Answer Response despite being given an opportunity to do so.

The Court must construe the Application filed by Mr. Kinney liberally because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the Court will dismiss the action as untimely.

Mr. Kinney was charged with escape, motor vehicle theft, three counts of identity theft, three counts of forgery, criminal possession of a financial device, theft, and three counts of habitual criminal.  (*See* ECF No. 9-1 at 2-5.)  Pursuant to a plea agreement, he pled guilty to escape and one count of identity theft with a sentence cap of twelve years.  (*Id.* at 13-14.)  On November 8, 2007, the state district court sentenced him to eight years in prison and five years parole.  (*Id.*)  He did not appeal his judgment of conviction or sentence.

On March 4, 2008, Mr. Kinney filed a motion for sentence reconsideration.  (ECF No. 9-1 at 12.).  The state district court denied the motion on April 15, 2008.  (*Id.* at 12.)  Mr. Kinney filed a notice of appeal on August 8, 2008.  (*Id.*)

While the appeal was pending, Mr. Kinney filed a second motion for reconsideration on August 12, 2008, which the state court denied on September 22, 2008.  (ECF No. 9-1 at 11.)  On November 21, 2008, the Colorado Court of Appeals

---

[1]On January 7, 2015, Respondent D. Diggins filed, through his counsel, a "Motion for Late Filing of Joinder in State's Pre-Answer Response" (ECF No. 10).  The motion is granted.

issued an order to show cause why the appeal should not be dismissed with prejudice for failure to timely appeal the April 15, 2008 order and proceed solely on the September 22, 2008 order denying Mr. Kinney's second motion for reconsideration  (*Id.*) The Colorado Court of Appeals dismissed the appeal on June 10, 2009, finding that Mr. Kinney failed to show good cause.  (*Id.* at 12.)  The mandate issued on August 10, 2009.  (*Id.*)

While the appeal was pending, Mr. Kinney also filed a motion for postconviction relief pursuant to Colo. Crim. P. 35(c) on February 17, 2009 .  (ECF No. 9-1 at 10.)  The state court denied the motion on February 23, 2009.  (*Id.*)  Mr. Kinney did not appeal.

In July and August 2009, Mr. Kinney submitted two letters with attachments to the state district court, which were denied.  (ECF No. 9-1 at 10.)  Mr. Kinney did not appeal.

Mr. Kinney filed another letter on September 11, 2009, which the state district court treated as a petition for reconsideration and denied it as successive and untimely. (ECF No. 9-1 at 10).  Mr. Kinney did not appeal.

On March 10, 2010, Mr. Kinney sent a letter to the state district court apparently requesting information about presentence confinement credit.  (ECF No. 9-1 at 10.) According to the register of actions, the state district court sent Mr. Kinney a copy of the mittimus on March 12, 2010.  (*Id.*)

On April 2, 2010, Mr. Kinney sent a letter to the state district court concerning his judgment of sentence.  (ECF NO. 9-1 at 10.)  The state court issued a response on April 15, 2010.  (*Id.*)

On September 16, 2010, Mr. Kinney filed a motion for presentence confinement

3

credit, and filed a second such motion on September 20, 2010.  (ECF No. 9-1 at 9-10.)

Both motions were denied.  (*Id.*)  Mr. Kinney did not appeal.

On January 19, 2012, Mr. Kinney filed a request for copies of the registers of

actions and mittimuses in three of his criminal cases.  (ECF No. 9-1 at 9.)  The state

district court accommodated this request on February 21, 2012.  (*Id.*)

There were no additional filings until February 21, 2014, when Mr. Kinney filed

the first of several motions for postconviction relief.   (*See* ECF No. 9-1 at 6-9.)  The

state district court denied all the motions and Mr. Kinney did not appeal any of the

orders denying his motions.  (*Id.*)

The instant action was commenced on December 4, 2014, and Mr. Kinney

asserts three claims for relief in the Application.  He contends that his plea agreement

was broken (claim one); that his counsel was ineffective (claim two); and that prison

officials have discriminated against him and denied him access to programs that would

permit him to seek sentence reconsideration (claim three).

Respondents first argue that claim three challenges the execution of the

sentence Mr. Kinney is serving rather than the validity of his conviction or sentence and

may not be raised in this habeas corpus action pursuant to 28 U.S.C. § 2254.  The

Court agrees, and therefore, claim three will be dismissed from this action without

prejudice.  Mr. Kinney may include any federal constitutional claims challenging the

execution of his sentence in an application for a writ of habeas corpus pursuant to 28

U.S.C. § 2241 in a separate habeas corpus action.

Respondents next argue that the remaining claims and action are untimely

pursuant to the one-year limitation period in 28 U.S.C. § 2244(d).  That statute provides

as follows:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
> > (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > ©  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In order to apply the one-year limitation period, the Court first must determine the date on which Mr. Kinney's conviction became final.  *See* 28 U.S.C. § 2244(d)(1)(A).  In general, a conviction becomes final following a decision by the state court of last resort on direct appeal when the United States Supreme Court denies review, or, if no petition

for writ of certiorari is filed, when the time for seeking such review expires. *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001).

Here, Mr. Kinney was sentenced on November 8, 2007.  Mr. Kinney did not appeal his judgment and sentence, and therefore, his conviction became final on December 24, 2007, the date on which the time for filing an appeal expired.[2]

Mr. Kinney does not argue that he is asserting any constitutional rights newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; that he was prevented by unconstitutional state action from filing this action sooner; or that the factual predicate for the claim could not have been discovered previously through the exercise of due diligence.  *See* 28 U.S.C. § 2244(d)(1)(B), (C), & (D).

Based on Mr. Kinney's allegations, the Court cannot conclude that the one-year limitation period began to run on some date after Mr. Kinney's conviction.  Therefore, pursuant to § 2244(d)(1)(A), the one-year limitation period began to run when his conviction became final on December 24, 2007.  Mr. Kinney did not initiate this action within one year after December 24, 2007.  Therefore, the next question the Court must answer is whether the one-year limitation period was tolled for any period of time.

Pursuant to 28 U.S.C. § 2244(d)(2), a properly filed state court postconviction motion tolls the one-year limitation period while the motion is pending.  An application for postconviction review is properly filed within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing

---

[2]The 45th day was Sunday, December 23, 2007.  *See* Colo. App. R. 4(b). Therefore, the filing period extended until Monday, December 24, 2007.

filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).  These requirements include:

> (1) the place and time of filing; (2) the payment or waiver of
> any required filing fees; (3) the obtaining of any necessary
> judicial authorizations that are conditions precedent to filing,
> such as satisfying any filing preconditions that may have
> been imposed on an abusive filer; and (4) other conditions
> precedent that the state may impose upon the filing of a
> post-conviction motion.

*Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000) (footnote omitted).

The issue of whether a state court postconviction motion is pending for the

purposes of § 2244(d)(2) is a matter of federal law, but "does require some inquiry into

relevant state procedural laws."  *See Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir.

2000).  The term "pending" includes "all of the time during which a state prisoner is

attempting, through proper use of state court procedures, to exhaust state court

remedies with regard to a particular post-conviction application."  *Barnett v. Lemaster*,

167 F.3d 1321, 1323 (10th Cir. 1999).  Furthermore, "regardless of whether a petitioner

actually appeals a denial of a post-conviction application, the limitations period is tolled

during the period in which the petitioner *could have* sought an appeal under state law."

*Gibson*, 232 F.3d at 804.

Respondents are willing to concede that the one-year limitation period was tolled

pursuant to § 2244(d)(2) while Mr. Kinney's "first round" of postconviction activity was

pending from March 4, 2008, when he filed a motion for sentence reconsideration and

ended on November 15, 2010, when the time expired to appeal the state district court's

September 30, 2010 order denying his motion for presentence confinement credit.

Respondents contend, however, that from November 15, 2010 until February 21, 2014,

the limitation period ran unabated for more than three years.

The Court agrees. The Court assumes that the one-year limitation period was tolled pursuant to § 2244(d)(2) with respect to Mr. Kinney's "first round" of postconviction activity from March 4, 2008 through November 15, 2010.  The Court further finds that Mr. Kinney did not file any postconviction motion in the state court from November 15, 2010 until February 21, 2014, when he filed a motion pursuant to Colo. Crim. P. 35(c)  The only fling during this three-year period was Mr. Kinney's January 19, 2012 request for copies of the registers of action and mittimuses in three of his criminal cases.  (*See* ECF No. 9-1 at 9).  This request is not a properly filed postconviction motion and does not toll the limitation period.  *See May v. Workman*, 339 F.3d 1236, 1237 (10th Cir. 2003) (postconviction motions for transcripts and petitions for writs of mandamus relating to those motions do not toll the one-year time bar).  Therefore, regardless of any tolling that may have occurred during Mr. Kinney's first round of state postconviction activity, more than three years elapsed between November 2010 and February 2014 when no tolling occurred. Thus, the Court finds that the application is untimely in the absence of further tolling.

The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled for equitable reasons.  *Holland v. Florida*, 560 U.S. 631, 649 (2010).  Generally, equitable tolling is appropriate if the petitioner shows both "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way" and prevented him from filing in a timely manner.  *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998).  A showing of excusable neglect is not sufficient to justify equitable tolling.  *See Gibson*, 232 F.3d at 808. Furthermore, in order to demonstrate he pursued his claims diligently, the petitioner

must "allege with specificity 'the steps he took to diligently pursue his federal claims.'"
*Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (quoting *Miller*, 141 F.3d at 978).

Construing Mr. Kinney's allegations liberally, he argues that equitable tolling is appropriate because "I was not aware that I could address my issues in the federal courts and once my appeal and post conviction remedies were denied I thought that was it." Mr. Kinney's argument does not justify equitable tolling of the one-year limitation period. The fact that Mr. Kinney was a "layman" and did not know proper legal procedures is not sufficient to justify equitable tolling. "[I]t is well established that ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (internal quotation marks omitted). Even when Mr. Kinney's *pro se* status is considered together with his assertion that he was "limited from getting legal access," the Court still finds that equitable tolling is not justified. *See Gibson*, 232 F.3d at 808 ("a claim of insufficient access to relevant law . . . is not enough to support equitable tolling."). "Even with limited access to a prison law library, he could raise [in federal court] only issues previously submitted in state court, so much of the research would already have been done." *Coppage v. McKune*, 534 F.3d 1279, 1282 (10th Cir. 2008). In short, Mr. Kinney fails to demonstrate that he was prevented from filing the Application in a timely manner. Therefore, the Court finds that Mr. Kinney fails to demonstrate that equitable tolling is appropriate.

In conclusion, the Application will be denied as time-barred. Therefore, the Court need not address Respondents' additional argument that claims one and two are unexhausted and procedurally defaulted. Furthermore, the Court certifies pursuant to

28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Application (ECF No. 1) is denied and the action is dismissed for the reasons specified in this order. It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  29th  day of    January          , 2015.

BY THE COURT:


    s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court